UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HOWARD A BAILEY, III, | |
| Plaintiff, | |
| v. | Case No. 3:23-CV-85-CCB-SJF |
| ERIC JEZIERSKI, et al., | |
| Defendants. | |

## OPINION AND ORDER

Before the Court is Defendant Gayle Shorosh's motion to dismiss Plaintiff Howard A. Bailey III's amended complaint raising claims arising from alleged events at his home in Starke County, Indiana on January 2, 2021.[1]  Based on the applicable law, facts, and arguments, Ms. Shorosh's motion to dismiss will be granted in part and denied in part.

### I.    RELEVANT BACKGROUND

The facts recounted here come from Mr. Bailey's amended complaint and are construed in the light most favorable to him.  *See Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017).

On January 2, 2021, Ms. Shorosh reported that her then husband, Mr. Bailey, had pointed a firearm at her and was the aggressor in a domestic dispute at their home.  While the amended complaint does not indicate the recipient of Ms. Shorosh's report, it probably was the Starke County Sheriff's office because two officers employed by the Sheriff's office, Defendants Daniel Byrd and Eric Jezierski, appeared at the home after the report was made.  According to Mr. Bailey, Ms. Shorosh conspired with Byrd and Jezierski to ensure Mr. Bailey would be charged with a false crime

---

[1] Consistent with the Court's opinion and order dated June 26, 2023, Defendant Gayle Lois Bailey will be referred to as "Gayle Shorosh" throughout this opinion and the amended complaint is interpreted to be alleging events in 2021 despite a single reference to 2022.  [*See* DE 39 at 2 n.1–2].

based on events at the house on January 2, 2021. The purpose of the conspiracy was allegedly to further a personal, intimate relationship between Ms. Shorosh and Byrd.

Specifically, Mr. Bailey alleges that during the events of January 2, 2021, Defendant Byrd "went into a locked bedroom with [Ms. Shorosh, where they] discussed how to escalate this matter into a criminal charge." [DE 18, ¶ 11]. Mr. Baily also alleges that Jezierski filed "a false narrative report" saying he, not Byrd, interviewed Ms. Shorosh alone in the bedroom "as a cover-up for [Byrd], to permit [Byrd and Shorosh] to engage in an illicit, personal, intimate relationship, while simultaneously ensuring that [Mr. Bailey] would be falsely accused of a criminal misconduct. . . ." [*Id.*, ¶ 14]. Based on the events of January 2, 2021, Mr. Bailey was arrested, jailed, and charged with domestic battery and intimidation. The charges were dismissed on April 22, 2021.

Mr. Bailey initiated this action on January 2, 2023, with a complaint that was later amended. The amended complaint brought four causes of action against Ms. Shorosh, Byrd, Jezierski, and the prosecutor. On June 26, 2023, claims against the prosecutor were dismissed in their entirety and some of the claims against Byrd and Jezierski were also dismissed. [DE 39 at 14]. Ms. Shorosh now seeks dismissal of all four claims against her.

As previously noted by this Court, the allegations in Mr. Bailey's amended complaint are somewhat disjointed. [*Id.* at 1]. Amidst this inartful pleading, Mr. Bailey explicitly identifies the following four counts—all of which are predicated, at least in part, on Ms. Shorosh's conduct:

    Count I:       Official Misconduct
    Count II:      Conspiracy
    Count III:     False Arrest and Imprisonment
    Count IV:     False Informing

More generally, Mr. Bailey's amended complaint indicates that the action "arises under Article 1, Section 11 of the Indiana Constitution, as well as 42 U.S.C. § 1983 and 18 U.S.C. § 241" and "seeks redress for false informing, harassment, conspiracy to commit false informing and harassment, false arrest and imprisonment, conspiracy to commit false arrest and imprisonment, and defamation."

[DE 18, ¶¶ 1–2].  These general claims are not linked to any particular Defendant like the four counts referenced above although Mr. Bailey's factual allegations all stem from Ms. Shorosh's conduct on January 2, 2021.

In her motion to dismiss, Ms. Shorosh argues that all four counts must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.  In response, Mr. Bailey urges the Court to focus on the substance of the amended complaint rather than the count headings or "labels."  Mr. Bailey then argues that his amended complaint must not be dismissed because at a minimum, it states a claim for defamation *per se* against Ms. Shorosh.

## II.    ANALYSIS

Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim is proper when a plaintiff fails to satisfy Fed. R. Civ. P. 8(a)(2), which requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant is given fair notice of the claims against her.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court must accept all the factual allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 500 U.S. at 555.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of … plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

In deciding if a complaint states a plausible claim, "a court need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (internal quotations and citations omitted).  "Moreover, the court is not bound by a plaintiff's legal characterization of the facts or required to ignore facts set forth in the complaint that undermine a plaintiff's claim."

3

*Pearson v. Garrett-Evangelical Theological Seminary, Inc.*, 790 F. Supp. 2d 759, 762–63 (N.D. Ill. 2011) (citing *Scott v. O'Grady,* 975 F.2d 366, 368 (7th Cir.1992)); *cf. Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 881 (7th Cir. 2022) ("Dismissal is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (internal quotations omitted)). Finally, "[i]t is the defendant's burden to establish the complaint's insufficiency." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

### A.   Claims Pursuant to the Indiana Constitution

In its opinion and order dated June 26, 2023, this Court dismissed Mr. Bailey's state law claims stemming from the Indiana Constitution. [DE 39 at 5]. As previously explained, the Indiana Constitution does not support private rights of action. [*Id.* at 4–5 (collecting cases)]. As a result, this Court has declined to recognize any implied cause of action under Article 1, Section 11 of the Indiana Constitution. *Caldwell v. Malave*, No. 2:19 CV 116, 2020 WL 887742, at *3 (N.D. Ind. Feb. 21, 2020). To the extent that any claims under the Indiana Constitution remain as to Ms. Shorosh, they are now dismissed.

### B.   Other Claims Against Ms. Shorosh

Viewing Mr. Bailey's amended complaint holistically, several claims against Ms. Shorosh can be construed from the factual allegations that Ms. Shorosh lied about the nature of Mr. Bailey's conduct on January 2, 2021, as part of a conspiracy "to injure, oppress, threaten, or intimidate [him] in the exercise of his fundamental rights." [DE 18, ¶ 17]. Mr. Bailey contends that Ms. Shorosh's conduct as part of the conspiracy resulted in him being "handcuffed, jailed, charged with a crime and harassed" for a crime he did not commit. [DE 18, ¶ 17].

#### 1.   Criminal Claims

Any claims in the amended complaint based on the criminal provision 18 U.S.C. § 241, or any other federal criminal statute in Title 18, are impermissible because there are no private rights of

action to enforce criminal statutes.  *See Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991); *see also McGee v. Nissan Motor Acceptance Corp.*, 619 F. App'x 555, 555 (7th Cir. 2015).  Similarly, "[t]here is no private right of action in Indiana to enforce criminal laws through civil proceedings." *Martin v. Ross*, 178 N.E.3d 836 (Table), 2021 WL 5366863, at *4 (Ind. Ct. App. 2021) (citing *Johnson v. State*, 675 N.E.2d 678, 683 (Ind. 1996); *Kimrey v. Donahue*, 861 N.E.2d 379, 382 (Ind. Ct. App. 2007)).

Accordingly, to the extent that Mr. Bailey alleges claims against Ms. Shorosh pursuant to 18 U.S.C. § 241 (conspiracy to prevent the exercise of federal constitutional or statutory rights); Ind. Code § 35-44.1-1-1 (official misconduct); Ind. Code § 35-44.1-2-3 (false reporting or informing); or any other federal or state criminal statute, they are dismissed.  *Cf. Flowers v. Bell*, No. 1:21-cv-01812-JRS-MJD, 2022 WL 4483928, at *2 (S.D. Ind. Sept. 27, 2022).

   **2.**  **False Arrest and Imprisonment**

Mr. Bailey's amended complaint does not clearly allege false arrest and imprisonment against Ms. Shorosh.  However, Count III of the amended complaint does allege that Ms. Shorosh's conduct caused false charges to be made against him leading to his alleged false imprisonment.  [DE 18 at 5–6].  To the extent that Mr. Bailey raises false arrest and imprisonment claims against Ms. Shorosh, they fail.

First, the amended complaint alleges no facts even implying that Ms. Shorosh arrested or imprisoned Mr. Bailey, and he made no such argument in response to the instant motion to dismiss. *See United States v. Beavers*, 756 F.3d 1044, 1059 (7th Cir. 2014) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived." (quoting *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009))).  Even if such facts were alleged, the amended complaint does not suggest that Ms. Shorosh was acting under color of state law to support a claim under 42 U.S.C. § 1983 against her.

5

Second, Mr. Bailey has not adequately alleged facts to support relief based on the tort of false imprisonment. Where a claim for false imprisonment stems from an alleged false arrest, the court need not analyze the false arrest claim. *Row v. Holt,* 864 N.E.2d 1011, 1016 n.4 (Ind. 2007). The tort of false imprisonment occurs, "when there is an (1) unlawful; (2) restraint; (3) upon one's freedom of movement or the deprivation of one's liberty; (4) without consent. *Ali v. Alliance Home Health Care, LLC,* 53 N.E.3d 420, 432 (Ind. Ct. App. 2016). Nothing in the amended complaint even hints at allegations that Ms. Shorosh restrained Mr. Bailey.

Accordingly, any false arrest or false imprisonment claim against Ms. Shorosh must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### 3. Conspiracy and Defamation *Per Se*

Count II explicitly raises a claim of conspiracy against all Defendants based on allegations that they conspired to manufacture false criminal charges filed against Mr. Bailey. [DE 18, ¶¶ 25–29]. "A civil conspiracy is a combination of two or more persons who engage in a concerted action to accomplish an unlawful purpose or to accomplish some lawful purpose by unlawful means." *Miller v. Cent. Ind. Cmty. Found.*, 11 N.E.3d 944, 962 (Ind. Ct. App. 2014), *trans. denied*. "Civil conspiracy is not an independent cause of action [and] must be alleged with an underlying tort." *Birge v. Town of Linden*, 57 N.E.3d 839, 846 (Ind. Ct. App. 2016). "[A]n allegation of civil conspiracy is 'just another way of asserting a concerted action in the commission of a tort.'" *Id.* (quoting *Boyle v. Anderson Fire Fighters Assoc. Local 1262*, 497 N.E.2d 1073, 1079 (Ind. Ct. App. 1986), *trans. denied)*.

The amended complaint does not identify an underlying tort by name. However, he does allege "malicious and false imputations that Plaintiff engaged in criminal misconduct" in Count II and Count IV. [DE 18, ¶¶ 29, 40]. Throughout the amended complaint, Mr. Bailey also alleges that Ms. Shorosh falsely reported events at their home on January 2, 2021, resulting in the appearance of Defendant Officers Byrd and Jezierski. He also alleges specifically that Ms. Shorosh's "false

6

statements were the result of a conspiracy to engage in a personal and intimate relationship with BYRD, are defamatory *per se*, and falsely accuse [him] of criminal misconduct." [*Id.*, ¶ 38]. These allegations are sufficient to put Ms. Shorosh on notice of a defamation *per se* claim independently and in conjunction with a civil conspiracy claim. *See Twombly*, 550 U.S. at 555. The question remains, however, whether Mr. Bailey has pleaded a plausible claim for defamation *per se* independently and consequently, as the basis of a civil conspiracy claim. *See Iqbal*, 556 U.S. at 678.

"To establish a claim of defamation, a plaintiff must prove the existence of a communication with defamatory imputation, malice, publication, and damages." *Pierson v. Nat'l Inst. for Lab. Rels. Rsch.*, 319 F. Supp. 3d 1100, 1106 (N.D. Ind. 2018) (citing *Trail v. Boys & Girls Clubs of N.W. Ind.*, 845 N.E.2d 130, 136 (Ind. 2006)). "Any statement actionable for defamation must not only be defamatory in nature, but also false." *Miller*, 11 N.E.3d at 956. "A communication is defamatory *per se* if it imputes: (1) criminal conduct; (2) a loathsome disease; (3) misconduct in a person's trade, profession, office, or occupation; or (4) sexual misconduct." *Kelley v. Tanoos*, 865 N.E.2d 593, 596. Mr. Bailey argues that on January 2, 2021, Ms. Shorosh reported "vile criminal misconduct," which plausibly states a claim for defamation *per se*. [DE 36 at 3]. And liberal construction of the amended complaint reveals adequate factual allegations of all four elements. *See LDT Keller Farms, LLC v. Brigitte Holmes Livestock Co., Inc.*, 2010 WL 2608342, at (N.D. Ind. June 25, 2010) (outlining the legal standards for each element).

However, Ms. Shorosh challenges Mr. Bailey's defamation *per se* claim on grounds of privilege. "To enhance public safety by facilitating the investigation of suspected criminal activity, communications to law enforcement officers are protected by [] qualified privilege." *Kelley*, 865 N.E.2d at 597 (internal quotations omitted); *see also Brown v. Indianapolis Hous. Agency*, 971 N.E.2d 181, 185–86 (Ind. Ct. App. 2012). The privilege can be overcome by showing that it has been abused. *Williams v. Tharp*, 914 N.E.2d 756, 762 (Ind. 2009); *Brown*, 971 N.E.2d at 185. The

7

defendant bears the burden of showing that statements fall within the privilege while the plaintiff has the burden to show abuse. *Brown*, 972 N.E.2d at 185. A presumably privileged communication to law enforcement is abused when the speaker goes "beyond the scope of the purposes for which the privilege exists." *Id.* (quoting *Williams*, 914 N.E.2d at 762). Abuse exists when "(1) the communicator was primarily motivated by ill will in making the statement; (2) there was excessive publication of the defamatory statements; or (3) the statement was made without belief or grounds for belief in its truth." *Williams*, 914 N.E.2d at 763–64.

While Ms. Shorosh's report to Defendant Officers Byrd and Jezierski may ultimately be found to be privileged, the amended complaint can be construed to allege that Ms. Shorosh was motivated by ill will in making the report and that she made the report knowing Mr. Bailey had not behaved as she stated. Therefore, the amended complaint plausibly alleges abuse of the privilege making it premature to dismiss the defamation *per se* claim. With allegations of concerted action by Ms. Shorosh, Byrd, and Jezierski in the commission of the tort of defamation *per se*, the amended complaint has also alleged a plausible claim for civil conspiracy. *See Birge*, 57 N.E.3d at 846.

### III. CONCLUSION

For the reasons discussed above, Ms. Shorosh's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. [DE 32]. The claims for defamation *per se* and civil conspiracy against Ms. Shorosh in the amended complaint remain operative. All other claims against Ms. Shorosh are **DISMISSED**.

SO ORDERED.

September 3, 2024

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

8