**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

HOWARD A BAILEY, III,

      Plaintiff,

          v.

ERIC JEZIERSKI, et al.,

      Defendants.

CASE NO. 3:23-CV-85-CCB-SJF

**ORDER**

Before the Court is a Motion to Compel filed by Defendant Deputy Eric Jezierski on February 27, 2026. For the reasons explained below, Deputy Jezierski's motion will be denied as moot, and the issue of fees will be addressed after affording Plaintiff Howard Bailey, III, an additional opportunity to be heard.

**I.    Factual Background**

Plaintiff Howard A Bailey, III, filed this case in Starke Circuit Court on January 2, 2023. Defendants removed the case to this Court on January 31, 2023. Mr. Bailey's operative amended complaint brings claims of false informing and harassment, conspiracy to commit false informing and harassment, false arrest and imprisonment, conspiracy to commit false arrest and imprisonment, and defamation. Mr. Bailey's claims arise from a reported domestic dispute between Mr. Bailey and his then-wife, Gayle Bailey (Shorosh), which resulted in Mr. Bailey's arrest and criminal charges.

Upon resolution of dispositive motions, the Court entered a Rule 16(b) Scheduling Order regarding the conduct of discovery and setting case management

deadlines. The Court has since granted, upon the parties' joint request, an extension of the deadlines set in this Rule 16(b) Scheduling Order. With that extension, the deadline to file any discovery-related nondispositive motion was set for February 27, 2026; the deadline for completion of discovery was set for March 16, 2026, and the deadline to file any dispositive motions was set for March 31, 2026. [*See* DE 55].

Deputy Jezierski served a request for production of documents ("RFP") on Mr. Bailey. In this RFP, Deputy Jezierski requested that Mr. Bailey produce "[a]ll statements or memoranda of any statements from any individual relating to any matter referred to in the Amended Complaint." [DE 56 at 1, ¶2]. Mr. Bailey's response to the RFP stated that he "has no statements or memoranda of statements, only transcripts of witness testimony, including Gayle Shorosh and others. Responsive transcripts are produced herewith." [*Id.* ¶3]. But during his deposition on February 10, 2026, Mr. Bailey then "testified that he has recorded statements from Dawn Bailey, April Blackburn, and Jessica Vermillion about what occurred during the investigation of the reported domestic disturbance on January 2, 2021." [*Id.* at 2, ¶4].

Deputy Jezierski then asked Mr. Bailey to produce these recorded statements, to which he agreed. A week and a half passed without Mr. Bailey's production of the statements, so Deputy Jezierski sent an email reminder. When that email went without response, Deputy Jezierski called Mr. Bailey via telephone on February 26, 2026, and left a voicemail. At the time Deputy Jezierski filed the instant motion on February 27, 2026, he had not received any response from Mr. Bailey. Therefore, in his motion, Deputy Jezierski asks that the Court order Mr. Bailey "to produce all witness statements

relating to any matter referred to in the First Amended Complaint" and to pay his expenses, including reasonable attorney's fees, incurred in filing the instant motion. Deputy Jezierski contends that Mr. Bailey's failure to produce the recorded witness statements is not substantially justified, and an award of Deputy Jezierski's expenses would not be unjust.

In response to Deputy Jezierski's motion, Mr. Bailey explains that the recorded statements mentioned in his deposition were conversations intercepted by Mr. Bailey while he wore a recording device, and those recordings had not been produced to his counsel or referenced in his initial disclosures. [DE 58 at 1]. Mr. Bailey concedes that he made no effort to search for the recordings after the deposition or after receipt of Deputy Jezierski's February 20, 2026, email, explaining that he "did not register the short, seven (7) day response deadline." [*Id.*] But he states that, after Deputy Jezierski filed his motion, he then "undertook a diligent search of several computer hard drives and accessory memory sticks" but could not recover recorded statements from the specific witnesses mentioned in his deposition. [*Id.* at 2]. Instead, Mr. Bailey produced another video discussing the events at issue, as well as other text messages. Mr. Bailey thus maintains that the motion is moot given the requested records were not able to be located or produced, and because this other evidence was "voluntarily produced" instead. [*Id.*].

## II.    Analysis

Information is discoverable if it is nonprivileged, relevant to any claim or defense in the case, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). When an

3

opposing party has failed to respond to discovery requests or has provided evasive or incomplete responses to requests, a party may move to compel. Fed. R. Civ. P. 37(a). Motions to compel are routinely considered moot once the responding party provides the requested discovery. *Romary Assocs., Inc. v. Kibbi LLC, No.* 1:10-CV-376, 2011 WL 4005346, at *2 (N.D. Ind. Sept. 8, 2011) (internal citations omitted). Here, although Mr. Bailey did not respond before Deputy Jezierski filed the instant Motion to Compel, his response brief provides that he searched for the requested recordings after the motion was filed and confirmed that they could not be "locate[d], retrieve[d], or produce[d]." [DE 58 at 2]. Accordingly, Deputy Jezierski's Motion to Compel is considered moot.

Although Mr. Bailey's belated response moots the instant motion, Rule 37(a)(5)(A) still provides that "if the disclosure of requested discovery is provided after the motion [to compel] was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion [to compel], the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion,  including attorney's fees." However, "the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." *Id.* (internal punctuation omitted).

Deputy Jezierski contends that there is no substantial justification for the delay and that there are no circumstances that would make an award of expenses unjust. Deputy Jezierski's reply brief also includes an itemization of his expenses incurred in filing the motion. Ultimately, however, "[t]he burden of persuasion is on the losing

party to avoid assessment of expenses and fees, rather than on the winning party [to] obtain such an award." *Rehder v. KMM Corp.*, No. 122CV00419HABSLC, 2023 WL 5836605, at *2 (N.D. Ind. July 31, 2023) (internal citation omitted). As Mr. Bailey's response brief only briefly mentions this issue, the Court will afford Mr. Bailey another opportunity to be heard.

Accordingly, the Court now orders Mr. Bailey to file a brief addressing both the propriety of an award of expenses and the reasonableness of the amount requested. Thus, his brief must first address whether his or his counsel's failure to timely produce recorded statements was substantially justified or if other circumstances make an award of expenses related to Deputy Jezierski's Motion to Compel unjust under Fed. R. Civ. P. 37(a)(5)(A). Second, Mr. Bailey's brief must include any objection to the reasonableness of the statement of expenses filed by Deputy Jezierski. Mr. Bailey must file this brief by April 20, 2026.

## III.    Conclusion

For these reasons, Defendant Deputy Jezierski's Motion to Compel is **DENIED as MOOT**. [DE 56]. Plaintiff Howard Bailey, III, is **ORDERED** to file a brief regarding an award of expenses under Fed. R. Civ. P. 37(a)(5)(A), as outlined in this order, by **April 20, 2026.**

**SO ORDERED** this 6th day of April 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge